**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-02322-001-TUC-RCC (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| George Ramirez, Jr., | |
| Defendant. | |

Pending before the Court is Defendant George Ramirez, Jr.'s Second Motion for Compassionate Release (Doc. 321) and his Amended Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 300) on remand from the Ninth Circuit Court of Appeals, No. 20-10349. On November 3, 2021, Ramirez, Jr., acting pro se, also filed "Defendant's Supplement Motion to His Second Compassionate Release for a Reclassification on Armed Career Criminal Act ACCA." (Doc. 325.)

## I. Procedural and Factual History

After a jury trial, Ramirez, Jr. was convicted of Count 1: Conspiracy to Possess with Intent to Distribute Marijuana and Cocaine; Counts 2 and 3: Attempt to Possess with Intent to Distribute Marijuana and Aiding and Abetting; and Count 4: Attempt to Possess with Intent to Distribute Cocaine and Aiding and Abetting. (Docs. 148–51.) He was acquitted on the remaining counts. (Docs. 152–54.) On October 26, 2015, this Court resentenced Ramirez, Jr. to 240 months' imprisonment and, upon release from imprisonment, 10 years of supervised release. (Doc. 272 at 1.) He has been serving his sentence since the time of his arrest on June 4, 2011. (Doc. 300 at 4; Doc. 295 at 5.)

## II. Motions for Compassionate Release

### a. *Remanded Motion for Compassionate Release*

On September 16, 2020, the Court denied Ramirez, Jr.'s request for compassionate release because he did not demonstrate extraordinary and compelling circumstances and because the relevant 18 U.S.C. § 3553(a) factors did not weigh in favor of a sentence reduction. (Doc. 304.) The Ninth Circuit vacated the Court's order and remanded in light of its subsequent holding in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). *Aruda* held that U.S.S.G. § 1B1.13 is not binding on a district court when considering a defendant's motion for compassionate release made pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act. *Aruda*, 993 F.3d at 802. The policy statements contained therein may, however, "inform the district court's discretion." *Id.* The Ninth Circuit expressed no opinion about the merits of early release for Ramirez, Jr. but instructed this Court to reconsider his request with the information that the Court is not bound by U.S.S.G. § 1B1.13.

In his initial request for compassionate release, Ramirez, Jr. relied on the fact that he had recently turned 49 (Doc. 300 at 18), he was within the medical definition of "obese" (Doc. 302 at 1), and he suffered from hypertension and hyperlipidemia. (Doc. 294-1 at 3–4.) He also asserted that he had high cholesterol (Doc. 294 at 2; Doc. 300 at 18), a "thyroid problem[,] and has previously had a heart murmur" (Doc. 303 at 4). Ramirez, Jr. further argued that the purposes of punishment and rehabilitation had been satisfied during his confinement. (Doc. 296 at 9; Doc. 300 at 23.) He highlighted his good behavior, participation in various programming, and completion of his GED. (Doc. 296 at 9; Doc. 300 at 23). Finally, Ramirez, Jr. focused on the nature of his involvement in the events that led to his conviction, more specifically that he was not personally involved in the physical violence that occurred. (Doc. 296 at 8.)

The Court denied Ramirez, Jr.'s motion, citing U.S.S.G. § 1B1.13 cmt. 1(A) to support its conclusion that Ramirez, Jr.'s medical conditions did not rise to the level of extraordinary and compelling circumstances. (Doc. 304 at 6.) Specifically, his ailments—with proper medication and treatment—were not conditions that "substantially

diminish[ed] the ability of the defendant to provide self-care within the environment of the correctional facility and from which he or she [was] not expected to recover." (*Id.* (quoting U.S.S.G. § 1B1.13 cmt. 1(A).) The Court further found that the relevant 18 U.S.C. § 3553(a) factors did not support reducing Ramirez, Jr.'s sentence. (*Id.* at 8.)

### b. Second Motion for Compassionate Release

While his appeal of this decision was pending, Ramirez, Jr. filed a Second Motion for Compassionate Release. (Doc. 321.) He incorporates by reference his original health claims. (*Id.* at 2.) Ramirez, Jr. adds that he contracted COVID-19 and struggles with lingering effects that he attributes to the virus including respiratory problems, a damaged nervous system, damaged vision, and trembling hands. (*Id.* at 3.)

### c. Standard of Review

A court may modify a term of imprisonment upon a motion from the defendant assuming three conditions are met: (1) the defendant exhausts his administrative remedies; (2) "extraordinary and compelling reasons warrant such a reduction"; and (3) the relevant 18 U.S.C. § 3553(a) factors support relief. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Generally, the "mere existence" of COVID-19 is not enough to justify compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roeder*, 807 F. App'x 157, 160–61 (3d Cir. 2020) ("[T]he existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence."). However, based on the Centers for Disease Control and Prevention's most recent information, hypertension and obesity may put individuals at increased risk for developing severe complications from COVID-19. *See Science Brief: Evidence Used to Update the List of Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last visited Nov. 19, 2021).

The 18 U.S.C. § 3553(a) factors that a court weighs "include: the nature and circumstances of the offense and the history and characteristics of the defendant; the

purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

### d. Discussion

There is no dispute that Ramirez, Jr. has exhausted his administrative remedies. (Doc. 324 at 4.) His medical records indicate that Ramirez, Jr. received both doses of the Moderna COVID-19 Vaccine as of June 22, 2021. (Doc. 324-1 at 228.) Although this will presumably reduce the risk of serious complications from COVID-19 should Ramirez, Jr. contract the virus again, the Court acknowledges that the most recent information about risk factors suggests that he remains more vulnerable than a person without Ramirez, Jr.'s medical conditions. Moreover, in light of the Ninth Circuit's holding in *Aruda* and the advisory nature of U.S.S.G. § 1B1.13 cmt. 1(A), the Court recognizes that Ramirez, Jr. is not *required* to demonstrate that his medical conditions "substantially diminish[]" his ability to care for himself while incarcerated. Thus, the Court will assume that Ramirez, Jr. can establish that extraordinary and compelling circumstances exist. Nonetheless, as it previously concluded, the Court does not believe that the relevant 18 U.S.C. § 3553(a) factors weigh in favor of a sentence reduction.

### i. Nature and Circumstances of the Offense and History of Defendant

The nature and circumstances of the present offense, combined with Ramirez, Jr.'s criminal history, do not support early release. Although Ramirez, Jr. was not the individual who used a firearm to threaten the life of the SWAT team leader in the present offense, he was involved in the underlying activity that resulted in the violent situation that unfolded. Furthermore, in addition to the present conviction, he has a significant criminal history. (Doc. 261 at 8–14.)

### ii. Purposes of Sentencing and Sentencing Disparities

Neither would the purposes of sentencing and the need to avoid sentencing disparities be accomplished by granting early release. Ramirez, Jr. has only served

approximately half his sentence. The Court commends Ramirez, Jr. for his efforts at rehabilitation. However, despite these positive developments and any unfortunate lingering effects that Ramirez, Jr. may be experiencing from contracting the virus prior to vaccination, it is the decision of this Court that a reduction of Ramirez, Jr.'s sentence to this degree would not serve the purposes of sentencing and would create a sentencing disparity for similarly situated individuals. Accordingly, compassionate release is not warranted.

### III.    Supplement to Second Motion for Compassionate Release

On November 2, 2021, Ramirez, Jr., acting pro se, filed "Defendant's Supplement Motion to His Second Compassionate Release for a Reclassification on Armed Career Criminal Act ACCA." (Doc. 325.) He reiterates some claims he has previously raised and alleges that trial counsel was "ineffective for failing to argue against the government's request of the ACCA Mandatory Minimum." (*Id.* at 1.) The government counters that Ramirez, Jr.'s claim "lacks any factual or legal foundation" because "[t]he Armed Career Criminal Act §4B1.4 has no application to the defendant." (Doc. 326 at 1.)

Ramirez, Jr. has litigated his ineffective assistance of counsel claims on multiple occasions before this Court. (*See* Docs. 291, 294, 300, 305, 314, 316, 319.) The Court declines to relitigate claims that Ramirez, Jr. has previously presented and that the Court has denied. Furthermore, to the extent that Ramirez, Jr. raises any new ineffective assistance claims, the Court will not consider them here because a motion for compassionate release is not the proper forum to sidestep the appellate process.

///
///
///
///
///
///
///
///

### IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that

(1) Defendant's Amended Motion for Relief Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 300), on remand for reconsideration from the Ninth Circuit, is **DENIED**.

(2) Defendant's Second Motion for Compassionate Release (Doc. 321) is **DENIED.**

Dated this 22nd day of November, 2021.

Honorable Raner C. Collins
Senior United States District Judge